Aykac v City of New York
2026 NY Slip Op 03916
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Ilter Aykac, Appellant,
v
City of New York, Respondent.

Decided and Entered: June 23, 2026
Index No. 161516/23|Appeal No. 6944|Case No. 2025-02795|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'neill Levy, JJ.

Law Office of John A. Scola, PLLC, New York (John Scola of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about April 7, 2025, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff, a former New York Police Department detective, asserts claims for discrimination under the City Human Rights Law (City HRL), alleging that he was placed on restricted duty because of his disability. As a result, he asserts that he was deprived of opportunities to receive overtime pay at a rate equal to his similarly situated colleagues who did not have a disability.
Supreme Court properly found that plaintiff failed to state a cause of action for discrimination under the City HRL (see Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]). Plaintiff provided no support for his allegations that the NYPD had a policy that prevented him from receiving overtime opportunities because of his disability (see Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021]; Lively v Wafra Inv. Advisory Group, Inc., 211 AD3d 432, 433 [1st Dept 2022]). As a result, it cannot be inferred from the overtime hours given to plaintiff's colleagues that defendant discriminated against plaintiff based on his disability (see Lively, 211 AD3d at 433).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026